IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KATINA VON KING,

          Plaintiff,

v.                                        CIVIL ACTION NO. 3:25-00556

CITY OF HUNTINGTON;
HUNTINGTON POLICE DEPARTMENT;
FORMER AND CURRENT MAYOR OF HTGN WV
CABELL CO EMS

          Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Joseph K. Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge recommended this Court deny Plaintiff's Motion for Emergency Order and Temporary Injunctive Relief and dismiss the complaint without prejudice. *See* ECF 7, PF&R 7. Plaintiff Katina Von King timely filed her objections. *See* ECF 9, Pl.'s Obj.

The Court has undertaken a thorough review of the Objections and PF&R, as well as Plaintiff's Complaint. For the reasons set forth below, the Court **DENIES** Plaintiff's Objections and **ADOPTS AND INCORPORATES HEREIN** the PF&R. The Court **DISMISSES** Plaintiff's Complaint (ECF 2), **DENIES** the pending motions (ECF Nos. 3, 4, 8) as moot, and **REMOVES** this matter from the docket of the Court.

According to the PF&R, Plaintiff asserts claims under 42 U.S.C § 1983.[1] PF&R 1. As the Magistrate Judge explains, Plaintiff's "Complaint alleges that Defendants and unidentified individuals have engaged in a prolonged course of conduct involving surveillance, stalking, harassment, and repeated physical intrusions into Plaintiff's home and person." PF&R 1–2 (citing Compl. 1–4). This Court has addressed Plaintiff's claims before. *See King v. City of Huntington, WV*, No. CV 3:23-0216, 2023 WL 5320776 (S.D. W. Va. Aug. 18, 2023) (*King I*); *Von King v. Williams*, No. CV 3:23-0809, 2024 WL 349723 (S.D. W. Va. Jan. 30, 2024) (*King II*); *King v. City of Huntington*, No. 3:25-cv-00005, 2025 WL 2166990 (S.D. W. Va. Mar. 5, 2025) (*King III*).

In 2018, Plaintiff filed a lawsuit alleging that Officer Bradley Koeppen of the Huntington Police Department (HPD) sexually assaulted Plaintiff when arresting her. *See* Second Amended Complaint, *Newman v. Marshall Univ. Police Dep't,* No. 3:19-cv-00075 (S.D.W. Va. Apr. 3, 2020), ECF 111 at 4. Eventually, the parties entered into a Mediation Agreement in which Plaintiff agreed to settle her claims. *See* Mediation Agreement, *Newman*, No. 3:19-cv-00075, ECF 124. The Agreement provided that "[a]ll Defendants agree that they will not stalk or harass the Plaintiff and/or her family members." *Id.*

In *King I*, *King II*, and *King* III, Plaintiff alleged that defendants violated the Mediation Agreement by "engag[ing] in an ongoing pattern of surveillance, harassment, and stalking directed at her." PF&R 2. Each case was dismissed. *See King I*, 2023 WL 5320776; *King II*, 2024 WL 349723; *King III*, 2025 WL 2166990.

---

[1] The Court is skeptical of this assertion. While Plaintiff invokes "Color of Law" as the basis for federal-question jurisdiction. ECF 2, Compl. 3; *see* 42 U.S.C. § 1983, Plaintiff's Complaint suggests that Plaintiff's claims actually arise under state tort and contract law. *See id.* at 1 ("I am filing a complaint . . . for negligence, gross negligence, reckless endangerment, failure to intervene, failure to inform, obstruction of justice, breach of contract, and intentional infliction of emotional distress."). For the purpose of this order, the Court will assume, without deciding, that Plaintiff's claims arise under § 1983.

In his PF&R, the Magistrate Judge recommended that Plaintiff's suit be dismissed for three reasons: (1) Plaintiff "does not allege facts demonstrating the personal involvement of each named Defendant in the alleged constitutional violations," as required for § 1983 claims, PF&R 5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)), (2) "the Complaint consists largely of conclusory assertions and implausible factual assertions," *id.*, and (3) "the allegations . . . substantially mirror those raised and dismissed in Plaintiff's prior federal actions," *id.* at 6.[2]

In her Objections, Plaintiff does not substantively engage with the Magistrate Judge's arguments regarding dismissal. *See* Pl.'s Obj. Instead, she has filed several documents "in support of her claims," *id.*, presumably to cure the defects described in the PF&R.

The newly filed documents do not address the Magistrate Judge's concerns. Four of these documents (which Plaintiff labels as "Examples" C, D, E, and F) were already included in Plaintiff's Complaint. *Compare* Pl.'s Obj., Examples C, D, E, F *with* ECF 2, Compl. 9–10, 14–28. "Example A" is an affidavit asserting that the information Plaintiff has submitted is true. *See* Pl.'s Obj., Example A. "Example G" deals with the Magistrate Judge's decision to deny Plaintiff's Motion for Emergency Order and Temporary Injunctive Relief. *See id.*, Example G. Only "Example B"—a list of Plaintiff's sitings of, and interactions with, patrol, emergency, and city vehicles and personnel, *see id.*, Example B—supplements Plaintiff's factual allegations.

Example B, however, does not cure the defects discussed in the PF&R. It does not show how the named defendants are personally involved in violating Plaintiff's rights. Nor does it persuade the Court that Plaintiff's claims are plausible. Further, it does not demonstrate that

---

[2] The PF&R also included a thorough explanation of the Magistrate Judge's recommendation regarding Plaintiff's Motion for Emergency Order and Temporary Injunctive Relief. *See* PF&R 3–5. Since the Court adopts the Magistrate Judge's recommendation that the Court deny Plaintiff's action, her motion for emergency relief must be denied as moot, and the Court need not reevaluate the Magistrate Judge's finding.

Plaintiff's claims are meaningfully distinguishable from the claims raised and dismissed in Plaintiff's prior suits.

Accordingly, the Court **DENIES** Plaintiff's Objections and **ADOPTS AND INCORPORATES HEREIN** the PF&R. The Court **DISMISSES** Plaintiff's Complaint (ECF 2), **DENIES** the pending motions (ECF Nos. 3, 4, 8) as moot, and **REMOVES** this matter from the docket of the Court.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Magistrate Judge Reeder, counsel of record, and any unrepresented parties.

ENTER:	February 20, 2026

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE